## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

---

**HON. DAVID ROSS JOHNSON,**

             **Plaintiff,**

**v.**

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, GREG FISCHER, individually and in his official capacity as Mayor of Louisville, ROBERT SCHROEDER, individually and in his official capacity as Interim Chief of the Louisville Metropolitan Police Department, LAVITA CHAVOUS, individually and in her official capacity as Assistant Chief of the Louisville Metropolitan Police Department, and LOUISVILLE METROPOLITAN POLICE DEPARTMENT UNKNOWN OFFICERS, in their individual capacities,**

             **Defendants.**

---

Civil Action No. 3:20-cv-557-RGJ
**COMPLAINT & JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

Comes now Plaintiff, Honorable David Ross Johnson, by and through his office, The Law Office of David Ross Johnson, PLLC, and represented by himself, *pro se*, and for his federal cause of action against the above-named and unknown Defendants for their serious and outrageous violations and deprivations of his Civil Rights, under the Constitution of the United State of America and the Commonwealth of Kentucky, does state the following.

## PARTIES

1.   Plaintiff David Ross Johnson ("Johnson") is a citizen of the United States and currently resides in Louisville, Kentucky. He currently practices law in Louisville in good standing as well.

2.   Defendant Louisville/Jefferson County Metro Government ("City of Louisville"), is a municipality organized and existing under the laws of the State of Kentucky. Defendant City of Louisville, acting through the Louisville Metropolitan Police Department ("LMPD"), is responsible for the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, the City of Louisville is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky.

3.   Defendant Greg Fischer is the Mayor of the City of Louisville. In that capacity, he is responsible for implementing the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Fischer is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky.

4.   Defendant Robert Schroeder is the Interim Chief of the Louisville Metropolitan Police Department ("Interim Chief"). Defendant Schroeder was appointed to this role on or about May 29, 2020. Before his appointment as Interim Chief, Defendant Schroeder was Deputy Chief of the Louisville Metropolitan Police Department. In his capacity as both Interim Chief and Deputy Chief, he is responsible for implementing the policy, practice,

supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Schroeder is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky, including by conducting thorough and expeditious investigations into officer misconduct. At all relevant times, Defendant Schroeder was acting within the scope of his employment and under color of state law.

5.    Defendant LaVita Chavous is an Assistant Chief of the Louisville Metropolitan Police Department ("Assistant Chief"). In that capacity, she is responsible for implementing the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Chavous is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky, including by conducting thorough and expeditious investigations into officer misconduct. At all relevant times, Defendant Chavous was acting within the scope of her employment and under color of state law.

6.    Defendants Unknown LMPD Officers, John Does and Jane Does, (collectively, "Defendant Officers" or "Officers") are police officers employed by the City of Louisville. In this role, Defendant Officers were duly appointed and acting officers, servants, employees and/or agents of Louisville. At all relevant times, they were acting in the scope of their employment and under color of state law.

## JURISDICTION & VENUE

7.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Kentucky state law.

8.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (e) because at least some Defendants reside in this district and a substantial part of the acts and omissions giving rise to this action took place in this district.

## JURY TRIAL DEMAND

10.    Plaintiff demands a trial by jury

## FACTS

11.    In the afternoon of May 29, 2020, Plaintiff and a friend decided to meet downtown in Louisville and walk around in an attempt to observe the Black Lives Matter protest that began the night before.

12.    Plaintiff and his friend planned to take photographs and observe for personal informative and social journalistic purposes, as well as for potential legal purposes.

13.    Plaintiff and his friend neither planned to demonstrate in protest nor did demonstrate in protest on the evening of May 29, 2020.

14.    Upon arriving in downtown Louisville, Plaintiff and his friend were coordinating to meet outside the Louisville Metro Department of Corrections ("Jail") located at 400 South Sixth Street in downtown Louisville.

15.    When Plaintiff arrived outside the Jail, he discovered a huge crowd of protesters peacefully demonstrating at sundown, roughly 9PM, in the streets at the corner of Sixth Street and Liberty Street.

16.    Looking for his friend, Plaintiff walked around and took a few photos of the protesting crowd.

17.    As Plaintiff was looking for his friend outside the Jail, Defendants LMPD Officers started indiscriminately and recklessly firing flash bang grenades and tear gas canisters into the

crowd of protesters, press, and bystanders without any audible warning whatsoever.

18.    Immediately after hearing the grenades explode and seeing tear gas in the air, Plaintiff ran

to the corner of Fifth Street and West Liberty and then east around the corner of Fifth Street

and Muhammad Ali Blvd. in downtown Louisville to get away from the crowd, explosions,

and gas.

19.    As Plaintiff was attempting to catch his breath roughly a block and a half away from the

Jail, he continued to hear explosions and, without warning again, witnessed a tear gas

canister fly right by his side from behind, missing his person by a foot, that landed three

feet in front of him on Muhammad Ali Blvd., as if Plaintiff was being specifically targeted

at roughly 9:30PM.

20.    After seeing the gas come out of the canister, Plaintiff ran again but was disoriented from

the gas in his eyes and could not see exactly where he was running.

21.    As Plaintiff was trying to run away somewhere, LMPD Officers shot more canisters of tear

gas in front of him leaving him with no comprehensible and conceivable way to escape and

causing more gas to enter his eyes.

22.    Hopeless, Plaintiff hid in a business doorway as he suffered from breathlessness, burning

eyes, disorientation, anxiety, and fear.

23.    Plaintiff eventually left the business doorway and found his friend near the corner of Fourth

Street and Muhammad Ali Blvd. in downtown Louisville.

24.    Not knowing which way to go to avoid being shot at, gassed, and/or arrested merely for

observing the streets of their hometown, Plaintiff and his friend found cover near the corner

of Fourth Street and Muhammad Ali Blvd. in downtown Louisville and stayed there as

protesters gathered there too.

25.   When Plaintiff and his friend noticed Officers approaching by recklessly shooting more tear gas canisters and flash bang grenades, they ran east to Third Street and Muhammad Ali and then quickly walked south on Third Street back to their cars, parked on the south side of Broadway in downtown Louisville.

26.   Plaintiff and his friend then parted ways and drove home.

27.   In the morning of May 30, 2020, Plaintiff woke up with a headache and dried blood in his eyes from LMPD's tear gas.

28.   LMPD's use of tear gas is technically unlawful chemical warfare as defined by "The Geneva Protocol" of 1925 that the United States of America agreed to adhere to, by treaty, with many other nations.

29.   Indiscriminately and recklessly deploying tear gas on large groups of Citizens is particularly heinous during the global pandemic of Covid-19 due to the gas causing disorientation and coughing among Citizens thereby increasing the potential of spreading the lung virus.

30.   Plaintiff was never charged with a crime by LMPD because he committed no crime but was punished anyway for merely walking and observing the streets and activities of his city as a bystander.

31.   Plaintiff, like all other Citizen bystanders, has the right to walk and observe his city streets of America freely without being intentionally, and/or recklessly, assaulted and trapped by law enforcement for no apparent reason whatsoever.

32.   Plaintiff is outraged by these incidents and that his city of Louisville, his home city, has been overrun by ruthless, brutal, and lawless personnel of the LMPD to the point that it is now been rendered a fascist police state, both economically and physically, under the

authority, direction, and control of Mayor Greg Fischer and put into force by the Interim Chief and Assistant Chief.

33.   Plaintiff continues to this day to suffer nightmares and sleeplessness due to his experiences of the incidents on May 29, 2020 in downtown Louisville, his native city, involving LMPD.

34.   As a result of all incidents described herein above, having happened on May 29, 2020 in downtown Louisville, Plaintiff suffered pain, loss of freedom, and deprivation of his guaranteed Rights as a Citizen under the Constitutions of the United States of America and the Commonwealth of Kentucky.

## FEDERAL COUNT I:

## VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

35.   Plaintiff incorporates the allegations in paragraphs 1-34 by reference as if fully set forth herein.

36.   At all relevant times, Plaintiff was an observing bystander who neither demonstrated in protest nor disobeyed/refused any police order.

37.   Defendant LMPD Officers nonetheless used crowd control weaponry on Plaintiff for no justified reason whatsoever.

38.   By using crowd control weaponry on Plaintiff, and physically gassing Plaintiff, Defendants LMPD Officers subjected Plaintiff both to an unlawful seizure and excessive force.

39.   By subjecting Plaintiff to any force at all as an observing bystander, LMPD Officers subjected Plaintiff both to an unlawful seizure and excessive force.

40.   Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Officers, and other LMPD officers, who used such force as used on Plaintiff.

41.   Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related

to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

42.     Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including observing bystanders such as Plaintiff, as recently as June 15, 2020.

43.     No reasonable law enforcement officer would use such force on a Citizen who was observing as a bystander.

44.     Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of force, both expressly and by acquiescence.

45.     As a direct and proximate result of LMPD's continued use of crowd control weaponry, and other forms of physical force as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will likely be further harmed just by walking and observing the city streets of their hometown, Louisville, Kentucky.

46.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty and his Right to be Free from the Fear of Unreasonable Police Force pursuant to the Fourth Amendment to the Constitution of the United States of America (incorporated by the Fourteenth Amendment).

## FEDERAL COUNT II:

## VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

47.     Plaintiff incorporates the allegations in paragraphs 1-46 herein above by reference as if fully set forth herein.

48.     Plaintiff was given no chance to be heard in court whatsoever before all Defendants assumed and asserted the additional roles of Judge and Jury on Plaintiff by not charging

Plaintiff with a crime and punishing him anyway with unlawful excessive force, war crime, and injury for merely walking and observing the streets and activities of his city as a bystander.

49.   By subjecting Plaintiff to any force at all as an observing bystander, Defendants LMPD Officers subjected Plaintiff to an unlawful seizure, excessive force, and the shocking denial of Due Process.

50.   Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of LMPD Officers, and other LMPD officers, who shockingly denied Due Process to such Citizens bystanders as Plaintiff.

51.   Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

52.   Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including bystanders such as Plaintiff, and shockingly deny them Due Process as recently as June 15, 2020.

53.   No reasonable law enforcement officer would shockingly deny Due Process to such a Citizen bystander as Plaintiff.

54.   Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of force and shocking denial of Due Process, both expressly and by acquiescence.

55.   As a direct and proximate result of LMPD's continued denial of Due Process and use of crowd control weaponry, and other forms of physical force as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will

likely be further harmed just by walking and observing the city streets of their hometown, Louisville, Kentucky.

56.     As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty and his Guaranteed Right to Due Process pursuant to the Fourteenth Amendment to the Constitution of the United States of America.

**FEDERAL COUNT III:**

**CONSPIRACY TO VIOLATE THE U.S. CONSTITUTION**

57.     Plaintiff incorporates the allegations in paragraphs 1-56 herein above by reference as if fully set forth herein.

58.     By enacting unlawful policies, intentionally and/or recklessly shooting tear gas, staying out of Plaintiff's sight, and not charging Plaintiff with any crime but punishing him anyway for merely walking and observing the streets of Louisville, all Defendants unlawfully conspired and agreed, expressly or implicitly, to deny Plaintiff his Constitutional Rights as stated above in Federal Counts I & II, as well as deny him redress for violations thereof.

59.     By conspiring to use excessive force against crowds of Citizens, all Defendants conspired to subject Plaintiff, and other Citizen bystanders, to unlawful seizure, excessive force, and the shocking denial of Due Process.

60.     Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Defendants LMPD Officers, and other LMPD officers, who shockingly denied Constitutional Rights to such Citizens bystanders as Plaintiff.

61.     Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official

policies of Defendant City of Louisville.

62. Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including bystanders such as Plaintiff, and shockingly deny them Due Process as recently as June 15, 2020.

63. No reasonable person or law enforcement officer would conspire to shockingly deny Due Process to such a Citizen bystander as Plaintiff.

64. Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to conspire, ratify, and approve LMPD's use of force and shocking denial of Due Process, both expressly and by acquiescence.

65. As a direct and proximate result of all Defendants conspiring to continue use of crowd control weaponry, and other forms of physical force, and deny Due Process as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will likely be further harmed just by walking and observing the city streets of their hometown, Louisville, Kentucky.

66. As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty, his Right to be Free of the Fear of Unreasonable Police Force, and his Guaranteed Right to Due Process pursuant to the Fourth and Fourteenth Amendment to the Constitution of the United States of America.

## COMMONWEALTH COUNT I:

## VIOLATIONS OF SECTION TEN OF KENTUCKY CONSTITUTION

67. Plaintiff incorporates the allegations in paragraphs 1-66 by reference as if fully set forth herein.

68.    At all relevant times, Plaintiff was an observing bystander who neither demonstrated in protest nor disobeyed/refused any police order.

69.    Defendants LMPD Officers nonetheless used crowd control weaponry on Plaintiff for no justified reason whatsoever.

70.    By using crowd control weaponry on Plaintiff, and physically gassing Plaintiff, LMPD Officers subjected Plaintiff both to an unlawful seizure and excessive force.

71.    By subjecting Plaintiff to any force at all as an observing bystander, Officers subjected Plaintiff both to an unlawful seizure and excessive force.

72.    Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Officers, and other LMPD officers, who used such force as used on Plaintiff.

73.    Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

74.    Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including observing bystanders such as Plaintiff, as recently as June 15, 2020.

75.    No reasonable law enforcement officer would use such force on a Citizen who was observing as a bystander.

76.    Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of force, both expressly and by acquiescence.

77.    As a direct and proximate result of LMPD's continued use of crowd control weaponry, and other forms of physical force as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will likely be further harmed just by walking and observing the city streets of their hometown, Louisville,

Kentucky.

78.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the injuries

        detailed above, including the deprivation of Plaintiff's liberty and his Right to be Free from

        the Fear of Unreasonable Police Force pursuant to Section Ten of the Commonwealth of

        Kentucky Constitution.

**COMMONWEALTH COUNT II:**

**VIOLATIONS OF SECTION ELEVEN OF KENTUCKY CONSTITUTION**

79.     Plaintiff incorporates the allegations in paragraphs 1-78 herein above by reference as if

        fully set forth herein.

80.     Plaintiff was given no chance to be heard in court whatsoever before all Defendants

        assumed and asserted the additional roles of Judge and Jury on Plaintiff by not charging

        Plaintiff with a crime and punishing him anyway with unlawful excessive force, war crime,

        and injury for merely walking and observing the streets and activities of his city as a

        bystander.

81.     By subjecting Plaintiff to any force at all as an observing bystander, Defendant LMPD

        Officers subjected Plaintiff to an unlawful seizure, excessive force, and the shocking denial

        of Due Process.

82.     Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of

        Defendants LMPD Officers, and other LMPD officers, who shockingly denied Due Process

        to such Citizens bystanders as Plaintiff.

83.     Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related

        to LMPD's conduct. Their decisions regarding LMPD matters constitute the official

        policies of Defendant City of Louisville.

84. Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including bystanders such as Plaintiff, and shockingly deny them Due Process as recently as June 15, 2020.

85. No reasonable law enforcement officer would shockingly deny Due Process to such a Citizen bystander as Plaintiff.

86. Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of force and shocking denial of Due Process, both expressly and by acquiescence.

87. As a direct and proximate result of all Defendants conspiring to continue use of crowd control weaponry, and other forms of physical force, and deny Due Process approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will likely be further harmed just by walking and observing the city streets of their hometown, Louisville, Kentucky.

88. As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty and his Guaranteed Right to Due Process pursuant to Section Eleven of the Commonwealth of Kentucky Constitution.

## COMMONWEALTH COUNT III:

## CONSPIRACY TO VIOLATE THE KENTUCKY CONSTITUTION

89. Plaintiff incorporates the allegations in paragraphs 1-88 herein above by reference as if fully set forth herein.

90. By enacting unlawful policies, intentionally and/or recklessly shooting tear gas, staying out of Plaintiff's sight, and not charging Plaintiff with any crime but punishing him anyway

for merely walking and observing the streets of Louisville, all Defendants unlawfully conspired and agreed, expressly or implicitly, to deny Plaintiff his Kentucky Constitutional Rights as addressed above in Commonwealth Counts I & II, as well as deny him redress for violations thereof.

91.     By conspiring to use excessive force against crowds of Citizens, all Defendants conspired to subject Plaintiff, and other Citizen bystanders, to unlawful seizure, excessive force, and the shocking denial of Due Process.

92.     Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Defendants LMPD Officers, and other LMPD officers, who shockingly denied Constitutional Rights to such Citizens bystanders as Plaintiff.

93.     Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

94.     LMPD Officers have continued to use crowd control weaponry indiscriminately on large crowds of Citizens, including bystanders such as Plaintiff, and shockingly deny them Due Process as recently as June 15, 2020.

95.     No reasonable person or law enforcement officer would conspire to shockingly deny Due Process to such a Citizen bystander as Plaintiff.

96.     Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to conspire, ratify, and approve LMPD's use of force and shocking denial of Due Process, both expressly and by acquiescence.

97.     As a direct and proximate result of all Defendants conspiring to continue use of crowd control weaponry, and other forms of physical force, and deny Due Process as approved

by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other Citizen bystanders, will likely be further harmed just by walking and observing the city streets of their hometown, Louisville, Kentucky.

98.    As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty, his Right to be Free of the Fear of Unreasonable Police Force, and his Guaranteed Right to Due Process pursuant to the Sections Ten and Eleven of the Commonwealth of Kentucky Constitution.

## COMMONWEALTH COUNT IV: BATTERIES

99.    Plaintiff incorporates the allegations in paragraphs 1-98 herein above by reference as if fully set forth herein.

100.   By deploying crowd control weaponry and intentionally and/or recklessly shooting tear gas canisters at Plaintiff, Defendants LMPD Officers subjected Plaintiff to a forcible physical touching because the explosions and gas were heard seen, and felt by Plaintiff.

101.   At no point did Plaintiff consent, acquiesce, or otherwise agree to the touching as detailed herein above.

102.   The forcible touching as detailed herein above was in no other way privileged.

103.   As a direct and proximate result of Defendants LMPD Officers' forcible touching, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

104.   Defendant City of Louisville, as the employer of all LMPD officers, is responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT V: ASSAULTS

105.   Plaintiff incorporates the allegations in paragraphs 1-104 herein above by reference as if fully set forth herein.

106.   By deploying crowd control weaponry and intentionally and/or recklessly shooting tear gas canisters at Plaintiff, Defendant LMPD Officers subjected Plaintiff to threat of a forcible physical touching because Plaintiff perceived incoming flash bang grenades and tear gas canisters.

107.   At no point did Plaintiff consent, acquiesce, or otherwise agree to the touching as detailed herein above.

108.   As a direct and proximate result of LMPD Officers' forcible touching, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

109.   Defendant City of Louisville, as the employer of all LMPD officers, is responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT VI: FALSE ARREST

110.   Plaintiff incorporates the allegations in paragraphs 1-109 herein above by reference as if fully set forth herein.

111.   By deploying crowd control weaponry and intentionally and/or recklessly shooting tear gas canisters at Plaintiff, Defendants LMPD Officers subjected Plaintiff to threat of a forcible physical touching as described above.

112.   At no point was Plaintiff demonstrating in protest.

113.   At no point was Plaintiff suspected of a crime or even charged with a crime by LMPD.

114. At no point did Plaintiff consent, acquiesce, or otherwise agree to the forcible touchings and threats of forcible touchings as detailed herein above.

115. As a result of the threat of forcible psychical touching being all around Plaintiff by deployment of unlawful chemical agents and explosions, Plaintiff had nowhere to run/escape and was thus, falsely imprisoned for a time against his Will for no reason.

116. At no point did Plaintiff consent, acquiesce, or otherwise agree to be trapped by unlawful chemical warfare.

117. As a direct and proximate result of LMPD Officers' false imprisonment, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

118. Defendant City of Louisville, as the employer of all LMPD officers, is responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

### COMMONWEALTH COUNT VII:

### INTENTIONAL INFLICTIONS OF EMOTIONAL DISTRESS

119. Plaintiff incorporates the allegations in paragraphs 1-118 herein above by reference as if fully set forth herein.

120. The war crimes, batteries, assaults, false imprisonments, emotional distress, conspiracies, and deprivations of Constitutional Rights carried out against Plaintiff by all Defendants were intentional, malicious, and reckless, plus unnecessary, excessive, and unlawful without probable cause and justification.

121. Such conduct carried out by all Defendants as described herein above against Plaintiff, or against any Citizen bystander, is clearly outrageous and intolerable, especially having been

carried out by law enforcement charged with the duty to serve and protect.

122.    Such conduct carried out by all Defendants as described herein above against Plaintiff observed in part by other unknown LMPD Officers who did nothing to intervene to protect and serve Plaintiff is also outrageous and intolerable.

123.    Such conduct carried out by all Defendants as described herein above against Plaintiff, or against any Citizen bystander, clearly goes beyond the bounds of generally accepted standards of decency and morality, especially having been carried out by law enforcement with the duty to serve and protect Citizens.

124.    Having suffered pain, anxiety, hopelessness, false imprisonment, emotional distress, and physical injury at the hands of LMPD, Plaintiff was, and continues to be at times, in a state of severe emotional distress, including sleeplessness and continuous nightmares of being stalked and brutalized by corrupt law enforcement officers in his native city, Louisville.

125.    At no point was Plaintiff demonstrating in protest on May 29, 2020.

126.    At no point was Plaintiff suspected of a crime or even charged with a crime by LMPD.

127.    At no point did Plaintiff consent, acquiesce, or otherwise agree to be trapped by unlawful chemical warfare.

128.    At no point did Plaintiff consent, acquiesce, or otherwise agree to any of LMPD's UnConstitutional and unlawful conduct/actions as detailed herein above.

129.    As a direct and proximate result of all LMPD's UnConstitutional and unlawful conduct/actions as detailed herein above, Plaintiff suffered emotional distress and the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

19

130.   Defendant City of Louisville, as the employer of all LMPD officers, is responsible and

liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that This Honorable Court enter judgment in his

favor and against Defendants as follows:

a.   Permanently enjoining Defendants City of Louisville, Fischer, Schroeder, and Chavous, as well as LMPD's officers and agents, from the indiscriminate and intentional or reckless use of crowd control weaponry on large crowds of Citizens, including bystanders, press, and peaceful protesters;

b.   Requiring Defendant City of Louisville to promulgate official policies restricting the use of crowd control weaponry strictly to situations when a police officer or other person faces an imminent risk of serious physical danger;

c.   Awarding such damages to Plaintiff as will fully compensate him for his loss of Rights, as well as his physical and emotional injuries, owing to Defendants' conduct/actions;

d.   Awarding punitive damages against Defendants Fischer, Schroeder, and Chavous, as well as Defendants LMPD Officers;

e.   Awarding reasonable Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988; and,

f.   Granting such other relief as may be just and proper.

Respectfully Submitted,

/S/ David Ross Johnson
Hon. David Ross Johnson
THE LAW OFFICE OF
 DAVID ROSS JOHNSON, PLLC

821 South Second Street
Louisville, Kentucky 40203
P: (502) 569-6795, Ext. 107
F: (502) 690-8438
E: LouisvilleCounselor@Gmail.com
*Plaintiff, Pro Se*